UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERZELLE WOODS,

    Plaintiff,

vs.                                        Case No. 07-CV-15420
                                         HON. GEORGE CARAM STEEH

WASHTENAW HILLS MANOR INC.
d/b/a HEARTLAND HEALTHCARE CENTER-
ANN ARBOR AND HCR MANORCARE,

    Defendants.[1]

_____/

ORDER DENYING PLAINTIFFS' OBJECTIONS AND
DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

This employment discrimination lawsuit arises out of plaintiff Sherzelle Woods' termination as a certified nursing aid (CNA) for an Ann Arbor nursing home owned and operated by defendants. Woods alleges that she was discriminated against because she is African American, and that she was terminated in retaliation for her complaints of racial discrimination and of patient abuse and neglect. Woods filed a motion to compel

---

[1] Defendant Washtenaw Hills Manor Inc. d/b/a Heartland Healthcare Center-Ann Arbor has filed a motion to change the caption to name as defendant only Heartland of Ann Arbor MI, LLC, d/b/a Heartland Healthcare Center - Ann Arbor. Magistrate Judge Morgan issued an order (Doc. 35) denying defendant's motion to change the caption without prejudice to allow the parties to stipulate to a change of caption. In its motion to change the caption, defendant Heartland Healthcare Center-Ann Arbor alleges that defendant HCR Manorcare was improperly named as a party to the lawsuit, does not exist, and is a trade name. Because HCR Manorcare has not been formally dismissed from this lawsuit, and because the caption has not been officially changed, the Court will use the original case caption and will refer to defendant(s) in the plural.

1

discovery which was referred to Magistrate Judge Morgan. Judge Morgan held a hearing and issued a written opinion granting in part that motion. Two items within that order are now in dispute. Plaintiff appeals the denial of her request for the disciplinary records of nurses. Magistrate Judge Morgan only ordered the disciplinary records of CNAs, and ruled that nurses were not "similarly situated" to CNAs. Defendants appeal the requirement that they produce incident reports regarding patient falls. This Court reviews Magistrate Judge Morgan's order under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). For the reasons stated below, Magistrate Judge Morgan's order will be upheld in its entirety.

## BACKGROUND

Woods worked at an Ann Arbor nursing home, Heartland Healthcare Center, on the Beech Unit, as a CNA beginning in September, 2004. CNAs perform everyday care for residents such as showering, toileting, passing out meals, cleaning soiled residents, and answering light calls. Woods claims that she had a stellar work record, including various awards, until she began to complain of patient neglect and racial discrimination. Woods complained internally to her superiors and filed written grievances with management at least twice. She complained to the Michigan Department of Health (MDOH) that patients were being left in wet and soiled sheets overnight. The MDOH investigated and found that her allegations were substantiated. Woods alleges that she filed a grievance with the "appropriate governmental agencies" on April 6, 2007.

According to defendants, prior to her discharge, plaintiff was disciplined for her attendance, for leaving a resident unattended in a restroom who fell, and for her loud and insubordinate conduct toward her nurse supervisor. Following the incident with her

2

nurse supervisor, Woods participated in a disciplinary meeting with the human resources manager and the assistant director of nursing on April 16, 2007. According to defendants, Woods shouted obscenities during the meeting and pounded on the table in a threatening matter. On April 16, 2007, she was terminated.

ANALYSIS

A.  Disciplinary records of nurses

Woods sought disciplinary and in-service records of CNA's, as well as of nurses, in the Beech Unit from January 1, 2005 through April 30, 2007. Magistrate Judge Morgan allowed discovery as to the CNAs, but denied the information as to the nurses, without prejudice, on the grounds that the nurses are not similarly situated to CNAs. Because the order was without prejudice, Magistrate Judge Morgan left open the possibility that Woods might come forward with case authority or facts to suggest that CNAs and nurses are similarly situated. In making the distinction between CNAs and nurses, Magistrate Judge Morgan differentiated between the two based on their distinct job duties. (Transcript of May 14, 2008 hearing at p. 8-9). Nurses distribute medications and perform wound care and CNAs do not. Nurses also supervise CNAs.

The Sixth Circuit has addressed the question of how courts are to determine if employees are "similarly situated" within the context of an employment discrimination claim brought under the theory of disparate treatment. Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 352 (6th Cir. 1998). In Ercegovich, the Sixth Circuit explained that "to make a comparison of the plaintiff's treatment to that of non-minority employees, the plaintiff must show that he and the employees are similarly situated in all relevant respects." Id. (citations omitted and emphasis in original). The Sixth Circuit

3

has set forth a three-part test for determining whether employees are "similarly situated." Id. To show that they are "similarly situated," plaintiff must show that they (1) have dealt with the same supervisor, (2) have been subject to the same standards, and (3) have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. Id.

Woods argues that these three factors are met. Woods maintains that the CNAs and nurses both report to the unit manager or director of nursing; thus, they have the same supervisor. Defendants dispute this point, arguing that CNAs first report directly to nurses who act as their supervisors. Defendants state that for CNAs, the unit manager or director of nursing is higher up the chain of command. Wood admits that the nurses have some supervisory authority over CNAs but argues that this is not relevant because the same standards govern disciplinary action regarding offensive language and patient falls. Defendants counter that the same standards do not apply.

Defendants argue that the supervisory status of nurses over CNAs means that different standards apply to the two sets of employees. Defendants argue that nurses are subject to a more lenient standard because supervisors will be favored over CNAs due to their supervisory status. In disputes between supervisors and employees, defendants claim that the supervisor's version of events will usually be accepted. Defendants also allege that different standards apply to nurses as Woods was terminated for insubordinate and offensive language directed toward her nurse supervisor Dorothy Jackson. There could be no parallel situation for nurses, only for CNAs.

Finally, Woods argues that nurses have engaged in the same alleged misconduct without any disciplinary action.  Woods argues that she was terminated for using inappropriate language in the workplace and for failing to prevent a patient fall because she left a patient unattended in a restroom.  She alleges that nurses might have used similarly inappropriate language without repercussion and she should have the opportunity to develop this factual record via discovery.  Woods further alleges that her discovery of disciplinary actions taken against nurses should be painted with a broad brush and should encompass any discipline, not just the misconduct for which she stands accused.  Indeed, Magistrate Judge Morgan did order defendants to produce all disciplinary and in-service records of CNAs in her unit from January 1, 2005 until April 30, 2007.  Magistrate Judge Morgan did not limit discovery of CNA's disciplinary records to those types of misconduct for which Woods stands accused.

Woods has failed to show that Magistrate Judge Morgan's order barring disciplinary records of nurses is clearly erroneous or contrary to law.  Magistrate Judge Morgan's ruling that CNAs and nurses are not "similarly situated" falls within the strictures of Ercegovich and is supported by the facts presented here.  CNAs and nurses have different job duties and different immediate supervisors. Based on these supervisory and duty differences, different standards control their conduct.  Although CNAs and nurses share some of the same duties and both must follow the same employee handbook, it was not "clearly erroneous or contrary to law" for Magistrate Judge Morgan to rule that the two subsets of employees are distinct and thus, Woods cannot rely on her employer's treatment of nurses to establish her own claim of disparate treatment.

B.   Incident reports regarding patient falls

Defendants argue that Magistrate Judge Morgan erred by ordering them to produce incident reports relating to patient falls.  Defendants argue that the information is irrelevant as Woods was allegedly disciplined for leaving a patient unattended in a restroom and not because the patient fell.  Plaintiff, on the other hand, argues that the information is highly relevant because information about falls is the only way she can prove that other employees left patients alone in a bathroom but were not disciplined.  Given that plaintiff was disciplined for leaving a patient in a restroom unattended who fell, Magistrate Judge Morgan did not err in ruling that discovery relating to patient falls is relevant.

Defendants also argue that production of this information is overly burdensome because the manner in which the nursing home maintains its records makes it difficult to ascertain which falls occurred in the Beech Unit.  Defendants do not argue that the task is impossible, only that it is time-consuming.  Defendants complain that its law clerk spent eight hours to compile the information ordered produced for one eight-month period.  This does not strike the Court as an overly onerous burden given the importance and relevance of the documents sought.  Accordingly,

IT IS ORDERED that Magistrate Judge Morgan's May 15, 2008 discovery order (Doc. 20) is AFFIRMED and plaintiff's objections (Doc. 26) and defendants' objections (Doc. 22) hereby are DENIED.

Dated:  July 17, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
July 17, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk