UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERZELLE WOODS,

    Plaintiff,

                Case No. 07-CV-15420
vs.               HON. GEORGE CARAM STEEH

WASHTENAW HILLS MANOR INC.,
d/b/a HEARTLAND HEALTHCARE CENTER-
ANN ARBOR AND HCR MANORCARE,

    Defendants.
_____/

ORDER DENYING DEFENDANTS' MOTION TO STRIKE SECOND
AMENDED COMPLAINT AND FOR SANCTIONS

  There has been some confusion in this case as to the proper defendant(s) to be named. The initial and First Amended Complaint named defendant Washtenaw Hills Manor, Inc., d/b/a Heartland Health Care Center- Ann Arbor ("Heartland") and HCR Manorcare as defendants. Defendants sought to remove HCR Manorcare from the caption on the basis that HCR Manorcare was a non-existent entity that plaintiff erroneously believed was the parent company of Heartland. Magistrate Judge Morgan issued an order (Doc. 35) denying defendant's motion to change the caption without prejudice to allow the parties to stipulate to a change of caption to allow the proper corporate parent to be named. Such a stipulation never took place and HCR Manorcare remains a named defendant in this action.

  Plaintiff sought discovery to determine the corporate structure in order to determine the proper party to be sued. (Doc. 14, ¶ 9). Magistrate Judge Morgan denied without prejudice plaintiff's request to compel information regarding the merger.

Her order states, "Plaintiff may submit requests to admit regarding Heartland's commitment and ability to assume defense and/or liability for any recovery in this case. If Heartland is indeed the correct defendant, defense counsel is directed to file a motion or stipulated order to that effect forthwith." (Doc. 20, ¶ 5). Heartland failed to provide any documents or to otherwise respond to the Court's order and plaintiff then filed a motion for sanctions for alleged discovery abuses. (Doc. 50). In her order granting sanctions, Magistrate Judge Morgan instructed defendant to identify the proper party to be served by September 12, 2008 and a statement from counsel regarding who will be responsible for any judgment. The order further instructed plaintiff to amend the complaint to name the proper defendant within seven days after that. Defendant sent a letter to the plaintiff identifying the parent and grandparent companies of the facility as HCR Healthcare, LLC and Manor Care, Inc. The letter was dated September 11, 2008. Defendant also sent the letter by e-mail and plaintiff replied the same day.

    If the e-mail is used to calculate the date, plaintiff's amended complaint was due on September 19, 2008 and is untimely. Plaintiff, however, seeks to rely on the written letter to determine when the response was due. Plaintiff has submitted the affidavit of its receptionist stating that the letter was received on September 15, 2008. Based on the mailed letter, plaintiff timely filed its amended complaint seven days later on September 22, 2008. Alternatively, plaintiff argues that the amended complaint was timely filed because under Fed. R. Civ. P. 6(d), three additional days from the date of the pleading are added for mailing and thus, the response would have been due on Monday, September 22, 2008. Under either scenario, if the mailed letter is the triggering date, plaintiff is correct and the amended complaint was timely filed. Although

the response was technically late if the date of the e-mail is used, the Court will use the date of the mailed letter to determine the timing and will not dismiss the amended complaint on the grounds of untimeliness.

In the second amended complaint, plaintiff added two new parties: HCR Healthcare, LLC and ManorCare, LLC.  Defendants Heartland, HCR Healthcare, LLC and ManorCare, LLC have filed a motion to strike the second amended complaint on the grounds that plaintiff's amended complaint is untimely; ManorCare LLC does not exist - the proper party is ManorCare **Inc.**, LLC (emphasis added)[1]; the Court's order allowed plaintiff to add one new party, not two; the additional parties did not employ plaintiff, and the amendment is barred by the statute of limitations for the Whistleblower Protection Act ("WPA") and Title VII claims.  Defendants request that the second amended complaint be stricken, or in the alternative, that they be permitted to file a new motion for summary judgment or that the previously filed motion for summary judgment be construed to address all named defendants.

Defendants' argument that the amendment is improper because it names two defendants rather than one also lacks merit as defendants' correspondence identified the parent company of Heartland as HCR Healthcare, LLC and Manor Care, Inc. as the parent company of HCR Healthcare, LLC.  (Doc. 76, Ex. A).  The letter further states that "[a]ny party named would be responsible for any judgment against it."  Thus, it is Heartland's correspondence itself that creates the ambiguity as to who is the proper party to be served and suggests that in fact, both entities should be named.  The letter

---

[1]Plaintiff has now corrected that clerical error by stipulation.

did not state who is liable for the actions of officials of HCR Manorcare, which apparently still exists.  Plaintiff asserts that given the confusion created by Heartland's letter, it decided to name all of the parties, issue some requests to admit as Magistrate Judge Morgan recommended, and attempt to resolve the issue informally without returning to court.  Plaintiff now requests an order requiring defendants to respond to her requests to admit so that she can determine the proper defendant(s).  The Court shall order defendants to do so.

Plaintiff claims that she sought discovery as to the identity of the parent corporations.  Defendants dispute that she sought any discovery as to HCR Manorcare and claim that she only conducted discovery with respect to Washtenaw Hills Manor, Inc. being taken over by Heartland Healthcare Center.  Defendants' argument is simply semantics.  Based on the confusion over the named defendant(s), it appears to the Court that plaintiff was trying to identify all potentially responsible parties and to ascertain the corporate structure of her employer.

Plaintiff argues that no new briefing is necessary as no new issues are presented.  Plaintiff contends that there is no factual dispute that Manor Care, Inc. d/b/a HCR Manorcare was a joint and single employer of plaintiff.  Plaintiff contends that since she was attempting to sue the main corporate body and its local subsidiary, this should come as no surprise to the defendants.  Defendants, on the other hand, argue that the second amended complaint alleges for the first time that all of the named defendants are joint employers of the plaintiff.  Defendants seek the opportunity to file new summary judgment briefs on behalf of the newly named defendants to address the joint employer argument.  The Court finds defendants' argument to be persuasive.

Next, the Court considers defendants' argument that the amendment should not be allowed because the WPA and Title VII claims against these new defendants are time barred. Plaintiff does not respond to this argument in her brief. Defendants cite United States ex rel. Statham Instr., Inc. v. Western Cas. & Sur., Inc., 359 F.2d 521, 523 (6th Cir. 1966) for the proposition that relation back is improper where the plaintiff could have discovered the identity of the defendant through due diligence, or knew of the defendant, but failed to name it during the limitations period.

Federal Rule of Civil Procedure 15(c) governs the question of whether an amended complaint is allowed to "relate back" to the date that the original complaint was filed. Under Rule 15(c), "an amended complaint adding a new defendant 'relates back' to the original complaint if (A) the claim against the new defendant arose from the 'same conduct, transaction, or occurrence' set forth in the original complaint, (B) the new defendant shares an 'identity of interest' with the original defendant, (C) the new defendant has 'fair notice' of the claim, and (D) adding the new defendant does not prejudice the defendants." United States v. Pickus Constr. & Equip., No. 98 C 3261, 2000 WL 190574, *6 (N.D. Ill. Feb. 9, 2000). "[R]elation back is improper where the plaintiff could have discovered the identity of the defendant through due diligence or knew of the defendant but failed to name him within the limitation period." King v. D.T. Nation, Nos. 89-6113, 89-6114, 1990 WL 170424, *1 (6th Cir. Nov. 6, 1990) (citations omitted). Questions of fact remain as to whether adding the new defendants now would prejudice defendants, and whether or not plaintiff could have identified their identity sooner through due diligence. These are questions that Magistrate Judge Morgan will be in a better position to decide than this Court, as she already has addressed

5

numerous discovery disputes in this case, including plaintiff's discovery efforts to ascertain the proper corporate parent to name as defendant.

For the reasons stated above, defendants' motion to strike plaintiff's second amended complaint (Doc. 76) hereby is DENIED WITHOUT PREJUDICE. Defendants Manor Care Inc. and HCR Healthcare LLC may file summary judgment motions of no more than 10 pages addressing the issues of "joint employer" and the statute of limitations on or before March 11, 2009. Plaintiff may file a response of no more than 10 pages within 21 days after service of the motion. A reply brief of no more than 3 pages may be filed within 7 days after service of the response.

Defendants' anticipated motion for summary judgment shall be referred to Magistrate Judge Morgan for a report and recommendation.

Defendants hereby are ordered to respond to plaintiff's requests to admit.

Having failed to show good cause, defendants' request for sanctions hereby is DENIED.

SO ORDERED.

Dated: February 18, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on February 18, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk